Tammy Hussin (155290)
WEISBERG & MEYERS, LLC
6455 Pyrus Pl.
Carlsbad, CA 92011
760 676 4001 ext 215
866 565 1327 facsimile
thussin@AttorneysForConsumers.com
Attorney for Plaintiff

**ORIGINAL**

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| Workineh Liben | Case No. C 08 4609 |
| Plaintiff, | COMPLAINT FOR VIOLATION OF FEDERAL FAIR DEBT COLLECTION PRACTICES ACT, ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, AND INVASION OF PRIVACY |
| vs. | |
| Bureau of Collection Recovery, LLC | |
| Defendant. | |

## I. INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereinafter "FDCPA"), and the Rosenthal Fair Debt Collection Practices Act, Cal Civ Code § 1788, *et seq.* (hereinafter "RFDCPA"), both of which prohibit debt collectors from engaging in abusive, deceptive, and unfair

practices. Ancillary to the claims above, Plaintiff further alleges claims for invasion of privacy arising from intrusion upon seclusion and public disclosure of private facts.

## II. JURISDICTION

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d).

## III. PARTIES

3. Plaintiff, Workineh Liben ("Plaintiff"), is a natural person residing in San Mateo, in the state of California, and is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a(3) and is a "debtor" as defined by Cal Civ Code 1788.2(h).

4. At all relevant times herein, Defendant, Bureau of Collection Recovery, LLC ("Defendant") was a Minnesota limited liability company engaged, by use of the mails and telephone, in the business of collecting a debt from Plaintiff which qualifies as a "debt," as defined by 15 U.S.C. §1692a(5), and a "consumer debt," as defined by Cal Civ Code § 1788.2(f). Defendant regularly attempts to collect debts alleged to be due another, and therefore is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6), and RFDCPA, Cal Civ Code § 1788.2(c).

## IV. FACTUAL ALLEGATIONS

5. At various and multiple times prior to the filing of the instant complaint, including within the one year preceding the filing of this complaint, Defendant contacted Plaintiff in an attempt to collect an alleged outstanding debt.

6. Over the past year, Defendant caused Plaintiff's telephone to ring repeatedly or continuously with intent to harass, annoy or abuse Plaintiff, including calling sometimes in the middle of night, in violation of 15 USC § 1692d(5) & Cal Civ Code § 1788.11(d)(e).

7. Over the past year, Defendant used language in collection calls to Plaintiff, the natural consequence of which was to abuse and harass Plaintiff, including ridiculing Plaintiff for his accent and accusing him of being ignorant by asking him if knew how to spell the word "harassment" when Plaintiff complained about Defendant's level of calling, in violation of 15 USC § 1692d(2) and Cal Civ Code 1788.11.

8. Over the past year, Defendant repeatedly failed to provide meaningful identification in calls to Plaintiff, including calling Plaintiff and hanging up on him without disclosing the nature of the call or the identity of the caller or agency authorizing the call, in violation of 15 USC § 1692d(6) and Cal Civ Code § 1788.11(b).

9. Over the past year, Defendant failed to notify Plaintiff during each collection contact that the communication was from a debt collector in violation of 15 USC § 1692e(11) and Cal Civ Code 1788.17.

10. On August 25, 2008, Plaintiff's counsel sent a notice of representation of counsel to Defendant. After receipt of said notice that Plaintiff was represented by counsel, Defendant nonetheless continued to contact Plaintiff both in written and telephonic communications, in violation of 15 USC § 1692c(a)(2) and Cal Civ Code 1788.14(c).

11. Defendant's aforementioned violations of the FDCPA also constitute an intentional intrusion into Plaintiff's private places and into private matters of Plaintiff's life, conducted in a manner highly offensive to a reasonable person. Plaintiff had a subjective expectation of privacy that was objectively reasonable under the circumstances.

12. As a result of the above violations of the FDCPA, RFDCPA and invasion of privacy, Plaintiff suffered and continues to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and emotional distress, and Defendant is liable to Plaintiff for Plaintiff's actual damages, statutory damages, and costs and attorney's fees.

## COUNT I: VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT

13. Plaintiff reincorporates by reference all of the preceding paragraphs.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

  A. Declaratory judgment that Defendant's conduct violated the FDCPA;
  B. Actual damages;
  C. Statutory damages;
  D. Costs and reasonable attorney's fees; and,
  E. For such other and further relief as may be just and proper.

## COUNT II: VIOLATION OF ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

14. Plaintiff reincorporates by reference all of the preceding paragraphs.

15. To the extent that Defendant's actions, counted above, violated the RFDCPA, those actions were done knowingly and willfully

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

  A. Declaratory judgment that Defendant's conduct violated the RFDCPA;
  B. Actual damages;

C. Statutory damages for willful and negligent violations;

D. Costs and reasonable attorney's fees,

E. For such other and further relief as may be just and proper.

## COUNT III: COMMON LAW INVASION OF PRIVACY BY INTRUSION AND INVASION OF PRIVACY BY PUBLICATION OF PRIVATE FACTS

16. Plaintiff reincorporates by reference all of the preceding paragraphs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

A. Actual damages

B. Punitive Damages; and,

C. For such other and further relief as may be just and proper.

## PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY

Respectfully submitted this 1st day of October, 2008

By: _____
Tammy Hussin (155290)
WEISBERG & MEYERS, LLC
6455 Pyrus Pl.
Carlsbad, CA 92011
760 676 4001
866 565 1327 facsimile
thussin@AttorneysForConsumers.com
Attorney for Plaintiff